JORGENSON, Judge,
dissenting.
Although I believe that Ms. Moore is entitled to some relief, I do not think that habeas corpus is an appropriate vehicle in this case. I would treat the petition for a writ of habeas corpus as a petition for mandamus, grant the mandamus, and remand to the Florida Parole and Probation Commission with directions to establish an effective parole release date.
The court should address the issue of whether section 947.16, Florida Statutes (1983), was correctly interpreted by the Attorney General because resolution of that issue is determinative of this case.[1] If indeed the Commission is without authority to parole an inmate on a consecutive sentence which has never been served, then habeas will not lie. In my view, the Attorney General’s position is well taken. The Commission’s actions can be squared with the requirements of section 947.172(3), Florida Statutes (1983), because the Commission corrected its prior error in order to avoid committing an unauthorized act; the Commission should not be bound to an unlawful course of action.
The Commission’s order suspending Ms. Moore’s effective parole release date issued on April 8, 1985, advises that the next interview to establish a parole release date is scheduled for August, 1986. Ms. Moore should have the benefit of an immediate interview to establish a new parole release date, and the order should be modified ac *884 cordingly. I would remand for that purpose.

. In the alternative, these proceedings should be stayed until such time as the Florida supreme court resolves Lowry v. Florida Parole and Probation Commission, No. 66,773, which involves the same issue.